**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALLAN M.[1] | : | Case No. 2:22-cv-1732 |
| | : | |
| Plaintiff, | : | District Judge Sarah D. Morrison |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : | |
| | : | |
| COMMSSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATIONS[2]**

Plaintiff Allan M. brings this case challenging the Social Security Administration's denial of his applications for a period of disability and Disability Insurance Benefits, and Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), Plaintiff's Reply (Doc. #10), and the administrative record (Doc. #7).

**I.   Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.
[2] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for Disability Insurance Benefits in June 2019 and Supplemental Security Income benefits in September 2019, alleging disability due manic depression, ADHD, PTSD, panic disorder, general anxiety disorder, a neck fusion, chronic pain, delusions, and bipolar disorder. (Doc. #7, *PageID* #316.) After Plaintiff's applications were denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Deborah F. Sanders. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[3] She reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since March 1, 2013, the alleged disability onset date.

Step 2: He has the following severe impairments: degenerative changes of the cervical and lumbar spine, right trochanteric bursitis, chronic pain syndrome ("CPS"), and depressive, anxiety, obsessive-compulsive, neurodevelopmental, trauma- and stressor-related, and substance abuse disorders.

Step 3: Based on the objective medical evidence, Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: His residual functional capacity (RFC), or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consist of performing light exertional work, "he can carry, lift, pull, and push up to 20 pounds occasionally, and up to 10 pounds frequently. He can sit for up to 6 hours in an 8-hour workday. He can stand and/or walk for up to 6 hours in an 8-hour workday. Balancing, climbing ramps and stairs, crouching, and kneeling, are each limited to no more than frequently.

---

[3] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

> Crawling and stooping are each limited to no more than occasionally. He cannot climb ladders, ropes, and scaffolds, and engage in commercial driving. He must avoid concentrated exposure to workplace hazards such as hazardous machinery, and unprotected heights. Mentally, [Plaintiff] retains the capacity to perform simple routine tasks of no more than 1- to 3-steps, that do not require fast production rate or strict production quotas with no more than occasional superficial interaction with others, including tasks that do not require collaboration to complete tasks, persuasion, managing others, or interaction with members of the general public. He can adapt to a relatively static work environment where changes can be easily explained."

Step 4:   He is unable to perform any past relevant work.

Step 5:   He can perform a significant number of jobs that exist in the national economy.

(Doc. #7-2, *PageID* #s 41-70). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since March 1, 2013. *Id.* at 70.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #7-2, *PageID* #s 41-70), Plaintiff's Statement of Errors (Doc. #8), the Commissioner's Memorandum in Opposition (Doc. #9), and Plaintiff's Reply (Doc. #10). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

**II.   Standard of Review**

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v.*

*Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III.    Discussion

In his Statement of Errors, Plaintiff alleges that the ALJ erred at Step 5 of the sequential evaluation process by failing to address the vocational expert's testimony related to a hypothetical individual's ability to engage in certain social interactions during the initial hiring and training process. (Doc. #8, *PageID* #s 1661-67). In response, the Commissioner maintains that the ALJ's decision that Plaintiff can perform other jobs existing in significant numbers is supported by substantial evidence. (Doc. #9, *PageID* #1672).

#### A.    Vocational Expert Testimony

As noted previously, ALJ Sanders formulated an RFC that allowed Plaintiff to engage in "no more than occasional superficial interaction with others, including tasks that do not require collaboration to complete tasks, persuasion, managing others, or interaction with members of the general public." (Doc. #7-2, *PageID* #56).

Additionally, during the hearing, ALJ Sanders posed a series of hypotheticals to the vocational expert about the availability of jobs in the national economy for an individual with certain hypothetical limitations. (Doc. #7-2, *PageID* #s 116-18). In response to these hypotheticals posed by the ALJ, the vocational expert was able to identify a significant number of jobs that would be available in the national economy for an individual with the specified limitations. *Id.* Plaintiff does not contest that these hypotheticals, when combined, are consistent with the above RFC ultimately formulated by ALJ Sanders. (Doc. #8, *PageID* #1665). Instead, Plaintiff challenges the ALJ's failure to account for the following exchange that occurred between Plaintiff's counsel and the vocational expert:

> [Plaintiff's Counsel:] Okay. I often -- well, I take the position that interactions between an employee and their supervisor cannot be superficial in the traditional sense of the word because of the hiring process, the employee review process, the redirection, and instruction process. Do you have any feelings about that?
>
> [Vocational Expert:] I do. And especially during the initial hiring process, there will be more than superficial interactions with a supervisor. After that, it would be more of the interaction with coworkers who are generally going to be the person that will teach somebody. So there will be more than superficial interaction during the training period which should last no longer than a month.

(Doc. #7-2, *PageID* #s 119-20).

Plaintiff's argument is well taken. In her decision, ALJ Sanders concludes that there are jobs existing in significant numbers in the national economy that Plaintiff can perform and bases this conclusion, in part, on the vocational expert's testimony. (Doc. #7-2, *PageID* #69-70). In reaching this conclusion, however, ALJ Sanders failed to address the vocational expert's testimony that more than superficial interactions with a supervisor are involved during the initial hiring process and that more than superficial interaction with coworkers are involved during the initial

5

training period. This is problematic given the ALJ's finding that Plaintiff was *not* able to engage in "more than occasional superficial interaction with others."

Here, the Commissioner acknowledges this testimony but contends that the vocational expert "did not change her testimony that the hypothetical individual could perform the previously identified representative jobs that existed in significant numbers in the national economy[.]" (Doc. #9, *PageID* #1673). However, a full and fair reading of the exchange between Plaintiff's counsel and the vocational expert casts doubt on whether the previously identified jobs would be available to a hypothetical individual who were unable to complete the individual hiring and training period.

While an ALJ is not required to "discuss every piece of evidence in the record[,]" *Conner v. Comm'r of Soc. Sec.*, 658 F. App'x 248, 254 (6th Cir. 2016), her decision cannot be upheld if it is based on a "selective review" of the evidence. *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). "[I]f there is conflicting evidence which is material to the outcome of the case, but the ALJ fails to resolve it, the denial of benefits is not substantially justified." *McClellan v. Comm'r of Soc. Sec.*, No. 2:10-cv-118, 2012 WL 7822215, at *3 (E.D. Tenn. Jan. 26, 2012), *report and recommendation adopted sub nom. McClellan v. Astrue*, 2013 WL 1292667 (E.D. Tenn. Mar. 28, 2013) (citing *Howard*, 376 F.3d at 554).

This is no less true in a case, such as here, where the evidence at issue is in the form of vocational expert testimony. ALJ Sanders was not entitled to simply ignore the vocational expert's relevant testimony without explanation. Rather, she should have resolved the inconsistencies between her RFC and the vocational expert's testimony regarding the requirement for more than superficial interactions during the initial hiring and training period prior to finding that there were

6

a significant number of jobs in the national economy that Plaintiff could perform. Her failure to do so constitutes reversible error.

        **B.**       **Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence

is lacking. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's non-disability finding be vacated;

2. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

3. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Report and Recommendations, and any decision adopting this Report and Recommendations; and

4. The case be terminated on the Court's docket.


January 23, 2023

*s/ Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).